*A. F. Judd* and *W. C. Jones*, for respondents.

--- 

## A. J. CARTWRIGHT *vs.* LYDIA M. ENA and JOHN ENA.

### IN EQUITY. BEFORE PRESTON, J.

DECISION RENDERED OCTOBER 31, 1889. NOT HITHERTO REPORTED.

The Court, in the exercise of its discretion, declines to allow a trustee to sell a portion of the trust property, the only party interested in the trust objecting to such sale.

Where husband and wife conveyed property to a trustee in trust for the sole benefit of the wife and upon the death of either husband or wife to convey the same free of the trust as the wife might direct or by will appoint; Query, whether a divorce between the husband and wife terminates the trust.

### DECISION OF PRESTON, J.

The bill alleges that defendants, on June 26th, 1879, being then husband and wife, executed a certain deed of trust to the plaintiff of certain property therein mentioned.

The deed recites that differences had arisen between the defendants and that they had agreed to live separate and that the defendant, Lydia, had so agreed to live separate at her own costs and expense without charging her husband with any debts whatsoever for her maintenance. And that said John Ena was desirous that all the said Lydia's property, both land and chattels, should be held to the sole and separate use of said Lydia, her heirs and assigns forever. And witnessed that said J. and L. Ena granted and conveyed to the plaintiff the property mentioned. To hold unto said plaintiff his heirs and assigns forever, upon trust to apply the rents, issues and profits thereof to the said Lydia for her sole use and benefit and for her support and maintenance, and upon the death of the said John or in the event of the death of the said Lydia before the death of the said John, to convey the same free and clear of the trust to such person or persons as the said Lydia might direct, or by her last will and testament appoint.

The bill alleges that the said John and Lydia lived apart and that on the 7th April, 1883, said John obtained a decree of divorce absolute from said Lydia, and that John lawfully married another wife. That a parcel of land, described in Exhibit B. in the bill, is included in said trust deed, and is unproductive and cannot be made productive without large expenditure of moneys, and is of great value, and that the present income of the trust property is insufficient to suitably support and maintain said defendant Lydia, and to make the repairs necessary to preserve the trust property. That the remaining estate is in need of repairs which will if made greatly improve the same and

yield a large increased income for said defendant, Lydia; that it is necessary, advisable and greatly beneficial to the trust estate and also to the use and benefit of said defendant, Lydia, that said parcel of land, described in exhibit B., be sold under the authority of the Court, and the proceeds be devoted to the remaining estate comprised in the trust; and that there is danger of great waste.

The bill prays that said parcel of land be sold under the authority of the Court, discharged of all trusts, and that the proceeds, after the deducting expenses and costs, be appropriated by said plaintiff to the use and benefit of said defendant, Lydia, and the remaining trust estate.

The defendant's answer admits the allegations in the bill and claims that the trust treated under said deed of trust had terminated by the fact of the divorce between said defendants, and the defendants submit that the Court has no authority under the bill to order a sale.

At the hearing the defendants urged that the divorce terminated the trust; under the authority of *Swift vs. Newman*, L. R., 10 Equity Cases, 15, and *Russell vs. Dowding*, L. R., 14 Equity Cases, 421. But these cases were overruled by *Fitzgerald vs. Chapman*, L. R., 1 Chan. Div., 563, and *Burton vs. Sturgeon*, L. R., 2 Chan. Div., 318.

These were all cases arising under marriage settlements, and as the trusts of the settlement were in some respects different from those in the deed before me, it may be that the Court would, on a proper showing, hold that the defendant, Lydia, would be entitled to have the trust property re-conveyed to her, but I cannot make such a decree in this suit.

The only person now interested in the trust property is the defendant, Lydia, she has under the deed a right to the whole income of the estate, there is no estate to protect for persons entitled in remainder, and the defendant, who is under no legal disability, objects to the sale of the portion of the estate for the purposes contemplated.

It is urged by the defendants that the Court has no jurisdiction in the matter, and by the plaintiff that the Court has juris-

diction of all trusts, and can rightfully make the order prayed for, to protect and preserve the remainder of the trust property.

I feel, myself, very doubtful as to the authority of the Court to make the order under the circumstances, and am inclined to think it has no such authority, but the exercise of such authority, if it exists, is discretionary, and I exercise such discretion by declining to make the order.

The bill will therefore be dismissed.

A decree will be signed on presentation.

*W. A. Whiting* and *Cecil Brown*, for plaintiff.

*A. Rosa*, for defendants.